**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| J.D., AN INDIVIDUAL,<br><br>Plaintiff,<br><br>v.<br><br>4200 ROSE HOSPITALITY LLC and<br>4200 ROOSEVELT LLC<br>d/b/a DAYS INN,<br><br>Defendants. | Civil Action No. ____________<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff J.D., through her undersigned counsel, brings this Complaint against Defendants 4200 Rose Hospitality LLC and 4200 Roosevelt LLC d/b/a Days Inn and alleges as follows.

## PRELIMINARY STATEMENT

1. Plaintiff J.D. ("Plaintiff") was trafficked for sex as a child. Beginning when she was fourteen years old, she was sold for commercial sex out of rooms at the Days Inn located at 4200 Roosevelt Boulevard, Philadelphia, Pennsylvania 19124 (the "Days Inn" or the "subject hotel").

2. Plaintiff brings this action under the civil remedy provision of the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595, and under the common law of Pennsylvania.

3. Defendants 4200 Rose Hospitality LLC and 4200 Roosevelt LLC (together, "Defendants") owned and operated the subject hotel as a Days Inn throughout the period in which Plaintiff was trafficked there, from in or about 2014 through in or about 2018.

4. Defendants' staff who worked at the subject hotel were not bystanders to what was happening in its rooms. Upon information and belief, members of the subject hotel's staff, at times, bought illegal drugs and paid for commercial sex at the subject hotel during the period in which

Plaintiff, a child, was being sold for sex there, and at times Plaintiff herself was forced to have sex with one or more members of the subject hotel's staff.

5. As owner and operator of the subject hotel, Defendants were responsible for hiring, training, and supervising their staff; for setting and enforcing their policies on room rentals, payment, identification, visitors, and housekeeping; and for deciding what steps the hotel would take to detect, report, and stop the sexual exploitation of children and adults on its premises.

6. Long before Plaintiff was trafficked, the lodging industry knew that hotels and motels are among the places traffickers most often use to sell children and adults for sex. The Trafficking Victims Protection Act of 2000, its reauthorizations including the TVPRA in 2008, and the training materials published by the American Hotel & Lodging Association, ECPAT-USA, and others by 2012 put operators such as Defendants on notice of that risk and of the warning signs their employees should watch for.

7. Federal law makes it a crime to recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, or solicit a person under the age of eighteen, knowing or in reckless disregard of the fact that the person has not attained eighteen years of age and will be caused to engage in a commercial sex act, and to do the same as to any person through force, fraud, or coercion. 18 U.S.C. § 1591(a). Section 1595(a) of the TVPRA gives the victim a civil remedy against the perpetrator and against "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter."

## PARTIES

8. Because this Complaint describes the sexual exploitation of a child and because Plaintiff fears retaliation, Plaintiff proceeds under the pseudonym "J.D.," which are not her actual

initials, and omits her name and address, as similarly situated plaintiffs have done across the country.

9. Plaintiff is a resident of the Commonwealth of Pennsylvania.

10. Plaintiff was born in 2000. She was fourteen years old when she was first trafficked at the subject hotel and was a minor for nearly all of the period in which she was trafficked there.

11. Upon information and belief, Defendant 4200 Rose Hospitality LLC ("4200 Rose") is a Pennsylvania limited liability company with its principal place of business at 4200 Roosevelt Boulevard, Philadelphia, Pennsylvania 19124. 4200 Rose acquired the real property at 4200 Roosevelt Boulevard, Philadelphia, Pennsylvania 19124 by deed recorded on or about May 1, 2008, and held title to that property throughout the period in which Plaintiff was trafficked there, until conveying it by deed recorded on or about December 21, 2022. 4200 Rose was the licensee under a Days Inn License Agreement with Days Inns Worldwide, Inc. dated April 23, 2008, with a term running through March 31, 2028. Upon information and belief, throughout the period in which Plaintiff was trafficked at the subject hotel, 4200 Rose, as title owner and licensee, operated the subject hotel as a Days Inn under that agreement, together with 4200 Roosevelt.

12. Defendant 4200 Roosevelt LLC ("4200 Roosevelt") is a Pennsylvania limited liability company with its principal place of business at 4200 Roosevelt Boulevard, Philadelphia, Pennsylvania 19124. Upon information and belief, at all relevant times 4200 Roosevelt, together with 4200 Rose, owned, operated, managed, and controlled the subject hotel and did business as the Days Inn.

13. At all relevant times, Defendants operated, managed, and controlled the subject hotel, did business in the Commonwealth of Pennsylvania, and held the subject hotel out to the public as a place of lodging under the Days Inn brand. 4200 Rose and 4200 Roosevelt share a

principal place of business at the subject hotel and, upon information and belief, are under common ownership and control and ran the subject hotel together as a single business. How ownership, management, staffing, and revenue were divided between them is information within Defendants' exclusive possession, and discovery will inform it. Where this Complaint refers to "Defendants," it alleges that each of them engaged in the conduct described.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over Plaintiff's TVPRA claim under 28 U.S.C. § 1331 because it arises under 18 U.S.C. § 1595, and supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy.

15. This Court has personal jurisdiction over Defendants because Defendants owned and operated the subject hotel in Philadelphia, Pennsylvania, conducted business in Pennsylvania, and engaged in the conduct giving rise to this action in Pennsylvania.

16. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred at the subject hotel in Philadelphia County, Pennsylvania, which lies within this District.

## FACTUAL ALLEGATIONS

### I. Plaintiff Was Sold for Sex as a Child at the Days Inn

17. From in or about 2014, when she was fourteen years old, through in or about 2018, Plaintiff was trafficked for commercial sex at the subject hotel by three adult male traffickers who acted together.

18. Plaintiff was a minor from in or about 2014 until she turned eighteen in or about 2018. Her traffickers knew she was a child. They caused her to engage in commercial sex acts at the subject hotel during that period knowing that she had not attained eighteen years of age.

19. Plaintiff's traffickers also used force, fraud, and coercion, both while she was a child and after she turned eighteen, to keep her under their control and to cause her to engage in commercial sex acts at the subject hotel, including by:

a. Physically abusing her, leaving her, at times, with visible injuries; and

b. Psychological coercion, intimidation, and other means of force, fraud, and coercion.

20. At times, Plaintiff engaged in these sex acts as a result of forcible compulsion and threats of forcible compulsion by her traffickers. Once Plaintiff turned eighteen in or about 2018, she did not engage in commercial sex at the subject hotel freely or voluntarily. Each commercial sex act she was caused to engage in there as an adult was induced by her traffickers' force, fraud, and coercion, including the physical abuse, psychological coercion, and intimidation described in paragraph 19.

21. Plaintiff was advertised for commercial sex online, and sex buyers who answered those advertisements were, at times, directed to the rooms at the subject hotel in which she was being trafficked.

22. The rooms at the subject hotel in which Plaintiff was trafficked were rented by the traffickers, or at the direction of the traffickers.

23. Those rooms were, at times, paid for in cash and extended on a day-by-day basis, and the traffickers, at times, asked for rooms located away from other guests and where sex buyers could more easily come and go.

24. Sex buyers often paid for commercial sex with Plaintiff in cash.

25. One of Plaintiff's traffickers was later charged in this District with federal sex trafficking offenses, pleaded guilty, and was sentenced to a lengthy term of federal imprisonment.

## II. The Subject Hotel's Staff Took Part in the Illegal Commerce Conducted There

26. Upon information and belief, while Plaintiff was being trafficked at the subject hotel, members of the subject hotel's staff, at times, bought illegal drugs at the subject hotel.

27. Upon information and belief, while Plaintiff was being trafficked at the subject hotel, members of the subject hotel's staff, at times, paid for commercial sex at the subject hotel. At times, Plaintiff herself was forced to have sex with one or more members of the subject hotel's staff.

28. 4200 Rose, 4200 Roosevelt, or both of them employed the staff of the subject hotel to perform the hotel's core lodging functions, including checking in guests, renting rooms and extending stays, accepting and processing payment, issuing room keys, controlling access to the premises, cleaning and servicing the rooms, and observing the lobby, hallways, parking areas, and other common areas.

29. Upon information and belief, it was in the ordinary course of performing those duties, including renting and extending the rooms used to traffic Plaintiff, accepting payment for those rooms, servicing the rooms, and watching who came and went, that members of Defendants' staff learned that the rooms were being used to sell Plaintiff, a child, for sex. That knowledge, acquired within the scope of and material to the duties Defendants employed them to perform, is imputed to the Defendant or Defendants that employed them, and to each Defendant through their joint operation of the subject hotel.

30. The staff members' conduct in buying drugs, paying for commercial sex, and having sex with Plaintiff at the subject hotel is further evidence of the staff's knowledge of, and complicity in, the illegal commerce being conducted at the subject hotel, including the commercial sexual exploitation of Plaintiff.

31. Plaintiff does not know the names of the staff members described above. Discovery will inform their identities.

## III. The Signs That a Child Was Being Trafficked Were Plain to Defendants

32. Defendants knew or should have known that Plaintiff was being sex trafficked at the subject hotel based on numerous red flags, including but not limited to:

a. Plaintiff's age: she was a child, as young as fourteen, at times coming and going from the rented rooms in the company of adult men;

b. Plaintiff, a child, at times, wearing sexually explicit clothing at the subject hotel;

c. Members of the subject hotel's own staff, at times, buying illegal drugs and paying for commercial sex at the subject hotel, including one or more staff members, at times, having sex with Plaintiff, a child;

d. Men, at times, arriving at and leaving the rented rooms to buy sex from Plaintiff;

e. Rooms, at times, paid for in cash and extended day by day, repeatedly, over a period of years;

f. Requests, at times, for rooms located away from other guests and where sex buyers could more easily come and go;

g. Rooms, at times, registered in the names of several different adults for the same group;

h. Visible signs, at times, of physical abuse on Plaintiff;

i. Obvious signs, at times, of illegal drug use in and around the rented rooms;

j. Large numbers of condoms, at times, in the rooms' trash; and

k. Other commonly recognized indicators of child sex trafficking of which Defendants knew or should have known.

33. Upon information and belief, the subject hotel's front desk and housekeeping staff observed the indicators of sex trafficking described in paragraph 32 in the course of their duties.

34. Before Plaintiff was first trafficked at the subject hotel, Defendants were on notice that members of the subject hotel's own staff had taken part in the sex trafficking of children there. In 2013, a security guard who worked at the subject hotel was indicted in this District for providing protection and assistance to sex traffickers operating at the subject hotel, including advising a trafficker and supplying sex buyers, in exchange for a daily fee of $60 to $100, and for accepting payment to protect the trafficking of a purported sixteen-year-old girl from law enforcement. United States v. Palmer, No. 2:13-cr-00562 (E.D. Pa.). The security guard pleaded guilty to conspiracy, sex trafficking of minors, and attempted sex trafficking of a minor, and was sentenced to federal prison. The trafficker whose operation that security guard protected, and who in 2012 sold girls as young as fifteen for sex out of the subject hotel, was sentenced in this District to twenty-four years in federal prison for sex trafficking of minors.

35. Defendants therefore knew, or were willfully blind to the fact, that Plaintiff, a child, was being sex trafficked at the subject hotel.

## IV. Defendants Knowingly Benefited From Their Participation in the Venture

36. Each Defendant knowingly benefited from Plaintiff's sex trafficking. Upon information and belief, each Defendant received payment for the rooms at the subject hotel that

were rented by the traffickers, or at the direction of the traffickers, and in which Plaintiff was trafficked in violation of the TVPRA, or a share of the subject hotel's revenue from those rooms.

37. Upon information and belief, money and cash used to pay for and extend those rooms came from the commercial sex acts Plaintiff was caused to perform, so that part of Defendants' room revenue was the proceeds of Plaintiff's exploitation.

38. Discovery will show, as to the rooms at the subject hotel in which Plaintiff was sex trafficked in violation of the TVPRA:

a. The names and identification used to register each room;

b. The dates of each stay and each extension;

c. The amounts paid, and the form of payment, for each booking and each extension; and

d. Which employees checked in, assigned rooms to, accepted payment from, and serviced the rooms of the persons renting those rooms.

39. Operating a hotel and renting its rooms is a business undertaking that carries both risk and the potential for profit.

40. Defendants and Plaintiff's traffickers were engaged in a venture. Over a period of years, the traffickers returned to the subject hotel again and again and did business with Defendants through rooms rented by them, or at their direction, often for cash and day by day. Defendants, through their employees, knew or should have known that those rooms were being used to sell a child for sex, and, upon information and belief, both Defendants and the traffickers sought to continue the arrangement for their own gain.

41. Neither Defendant's involvement in the venture was passive or at arm's length. On information and belief, members of their staff took part in the illegal commerce being conducted

on their premises by buying drugs and paying for commercial sex there, and, as to one or more of them, at times by having sex with Plaintiff herself, a child being sold out of the hotel's rooms, and Defendants, through those same staff members, at times continued to rent, extend, and service the rooms in which Plaintiff was being sold. Through that conduct, Defendants assisted, supported, and facilitated the traffickers' operation and advanced the venture.

42. Defendants participated in the venture by and through their staff, and, upon information and belief, they retained the room revenue that the venture generated throughout the period in which Plaintiff was trafficked at the subject hotel.

43. Defendants knew or should have known that the venture in which they participated was engaged in the sex trafficking of Plaintiff in violation of the TVPRA: while she was a child, regardless of the means used, and after she turned eighteen, through force, fraud, and coercion.

## CAUSES OF ACTION

### COUNT I

### Beneficiary Liability Under 18 U.S.C. § 1595(a)

44. Plaintiff incorporates paragraphs 1 through 43 as though fully set forth here.

45. Plaintiff is a victim of sex trafficking within the meaning of 18 U.S.C. §§ 1591 and 1595(a). While she was a minor, she was caused to engage in commercial sex acts in violation of § 1591(a) regardless of the means used. After she turned eighteen, she was caused to engage in commercial sex acts through force, fraud, and coercion in violation of § 1591(a).

46. Through the conduct described in this Complaint, Defendants knowingly received a financial benefit from participating in a venture with Plaintiff's traffickers, although Defendants knew or should have known that the venture was engaged in violations of 18 U.S.C. § 1591(a) as to Plaintiff. Defendants are therefore liable to Plaintiff under 18 U.S.C. § 1595(a).

47. Defendants' involvement in the venture, through their agents, servants, staff, and employees, was a proximate cause of and a substantial factor in Plaintiff's injuries, including her sexual exploitation as a child at the subject hotel and the physical and psychological harm that followed.

**COUNT II**

**Negligence**

48. Plaintiff incorporates paragraphs 1 through 43 as though fully set forth here.

49. As the owner and operator of the subject hotel, Defendants owed the persons on their premises, including Plaintiff, a duty to exercise reasonable care for their safety, including a duty to protect them from foreseeable criminal conduct by third parties on the premises of which Defendants knew or should have known.

50. Defendants also owed a duty to exercise reasonable care in hiring, training, retaining, and supervising the employees who staffed the subject hotel.

51. Defendants breached those duties by, among other things:

a. Continuing to rent rooms to adults who, accompanied by a child, displayed the obvious signs of child sex trafficking described above;

b. Failing to train their staff to recognize and respond to the signs of child sex trafficking, despite the industry training materials available to them;

c. Failing to adopt and enforce reasonable policies regarding identification, cash payment, day-by-day extensions, visitors, and housekeeping access;

d. Failing to report the trafficking of a child on their premises to law enforcement;

e. Failing to supervise, discipline, or remove staff members who bought drugs or paid for commercial sex, and one or more who had sex with Plaintiff, a child, at the subject hotel; and

f. Otherwise failing to exercise reasonable care under the circumstances.

52. The criminal acts of the third parties who trafficked and sexually exploited Plaintiff at the subject hotel were foreseeable to Defendants. From the prior sex trafficking of children at the subject hotel described in paragraph 34, including with the help of the hotel's own security guard, and from the indicators of trafficking described in paragraphs 32 and 33, Defendants knew or should have known, before and during the period in which Plaintiff was trafficked there, that traffickers were using the subject hotel's rooms to sell children for sex. It was therefore reasonably foreseeable to Defendants that their failure to act on those signs would result in the continued sexual exploitation of a child on their premises.

53. Defendants' negligence was a proximate cause of, and a substantial factor in, the sexual abuse and exploitation Plaintiff suffered as a child at the subject hotel and the injuries that followed.

54. Plaintiff's negligence claim arises from childhood sexual abuse she suffered while a minor at the subject hotel, as described in paragraphs 18 through 20, and is timely under 42 Pa.C.S. § 5533(b)(2).

**DAMAGES**

55. As a result of being sex trafficked as a child at the subject hotel, Plaintiff has suffered, and will continue to suffer, substantial physical, mental, emotional, psychiatric, and psychological injuries, including lasting trauma, and economic losses.

56. Plaintiff is entitled to recover her past and future damages, including actual, incidental, and consequential damages; mental anguish and emotional distress; medical, psychiatric, and counseling expenses; physical pain and suffering; symptoms consistent with post-traumatic stress disorder; physical impairment; exemplary and punitive damages; attorneys' fees as permitted by 18 U.S.C. § 1595(a); the costs of this action; and interest as permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks that the Court enter judgment in her favor and against Defendants on each Count, and award:

a. All available compensatory damages for the losses described above;

b. Damages for past and future emotional distress;

c. Consequential and/or special damages;

d. All available noneconomic damages, including without limitation pain, suffering, and loss of enjoyment of life;

e. Damages for physical pain and suffering;

f. Disgorgement of profits obtained through unjust enrichment;

g. Restitution;

h. All other damages available under the TVPRA;

i. Reasonable attorneys' fees;

j. Punitive damages;

k. The costs of this action; and

l. Pre-judgment and post-judgment interest as permitted by law.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated November 12, 2026.

Respectfully submitted,

ANDREOZZI + FOOTE
By: /s/ Nathaniel L. Foote
Nathaniel L. Foote, Esq.
Pa. I.D. No. 318998
4503 N. Front St.
Harrisburg, PA 17110
Tel: (717) 525-9124
nate@vca.law

DOUGLAS & LONDON, P.C.
Randolph D. Janis, Esq.
(pro hac vice forthcoming)
Chloe Makowsky, Esq.
(pro hac vice forthcoming)
One State Street, 35th Floor
New York, New York 10004
Tel: (212) 566-7500
Fax: (212) 566-7501
rjanis@douglasandlondon.com
cmakowsky@douglasandlondon.com

Attorneys for Plaintiff